IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                             CR. NO. S-10-0175 JAM (GGH)

    vs.

                                             ORDER

WQAS KHAN and
MIRANDA ESPINOZA,

        Defendants.
_____/

*Background*

        Defendants in the above referenced case were indicted on various controlled substances charges in May of 2010 for activities involving cocaine and methamphetamine. The federal case evolved from a state murder investigation. At least one search warrant was issued by a state judge in connection with that murder investigation. An important component of the state search warrant was an affidavit executed by Stanislaus County District Attorney investigator Kirk Bunch. During the course of execution of this warrant, controlled substances underlying the present federal charges were discovered. At some point, the United States Attorney determined to bring the controlled substances charges in federal court.

1   Defendant Khan, joined by his co-defendant, brought a motion to compel
2   discovery (Docket #36) and a motion to compel the government (pursuant to United States v.
3   Henthorn, 931 F.2d 29 (9th Cir. 1991)) to review the personnel file of Investigator Bunch
4   (Docket # 39).  At hearing, the motion to compel discovery was withdrawn without prejudice.
5   However, Khan desired to proceed on the Henthorn motion.[1]

6   Khan desires the Henthorn review because he *plans to file in the future* a motion
7   to suppress based on a Franks violation.[2]  Khan relates that the "defense is informed and
8   believe[s] that Bunch has a history of engaging in misconduct, and has a reputation in the legal
9   community in Modesto as being dishonest and untrustworthy."  Motion, Points and Authorities,
10  at 2.  The defense assumes that the government will have to call Bunch at any future evidentiary
11  hearing regarding the Franks motion; thus, it is entitled to have the government presently conduct
12  the required Henthorn review.

13  Two reasons require the denial of Khan's Henthorn motion: (1) *at least under the*
14  *present record*, under Ninth Circuit precedent, Investigator Bunch is not a person whose files are
15  subject to Henthorn; (2) as no evidentiary hearing for a Franks motion has been ordered, Bunch's
16  anticipated testimony at such a speculative hearing does not trigger any present Henthorn review
17  duties on the part of the government.

18  \\\\\
19  \\\\\
20  \\\\\
21  \\\\\

---

[1] United States v. Henthron, supra, is a Ninth Circuit interpretation of the duty of the government, upon request, to produce information which may reasonably be said to impeach evidence brought by the United States in its case-in-chief, or proffered by the United States at an evidentiary hearing.  Henthorn requires the government agency involved in the criminal investigation to peruse the personnel file(s) of a testifying federal agent and produce such information as may be impeaching to the agent involved.

[2] Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674 (1978).

*Discussion*

    A. <u>On the Present Record, The United States Has No Duty to Conduct a Henthorn Review of Investigator Bunch's Personnel Record</u>

Aside from *ipse dixit*, Khan produces nothing to support the conclusion that Investigator Bunch, a state law enforcement official, is the "case agent" for the government's controlled substance federal case. Indeed, all of the facts at present show the contrary. The connection of Detective Bunch to this case, where the investigative agency for the federal case is the Federal Bureau of Investigation, and specifically, FBI Agent Spiro Stamos (see the Complaint in this case), is historical only in the sense that the Bunch affidavit regarding the murder investigation ultimately led to the state warrant which then led to the discovery of controlled substance evidence which then was adopted as a criminal controlled substances case by the United States Attorney. Khan asserts only that Bunch is a member of the Central Valley Gang Impact Force, presumably staffed also by federal law enforcement personnel, and that "[t]he Ceres Police Department requested [Bunch's] participation in the investigation of a homicide, which occurred on November 22, 2009." Khan Memorandum of Points and Authorities at 2. "Bunch participated extensively in that investigation, and wrote the affidavit in support of probable cause for the search warrant, dated December 2, 2009, which led to the search, seizure and arrests in the pending case before this Court." <u>Id</u>. However, nothing in Khan's papers, or the Complaint in this case, indicates that the purpose of the state warrant was other than to investigate the murder in question – most certainly a state law violation. Bunch himself reiterates in the state warrant that it is sought "in connection with a violation of Section 187 (a) of the California Penal Code." Bunch affidavit attached to Declaration of Counsel at 3. While the murder may have had a relation to gangs and drugs, certainly not an infrequent situation, the state warrant was not made for the purpose of a drug investigation, either state or federal.

The merits of a possible <u>Franks</u> motion involving a state official's actions before a state judge are not at issue here. What is at issue, assuming that such a motion may be brought,

is the right of the defense to request a <u>Henthorn</u> review of a state official's personnel file. Under our system of federalism, the criminal systems of the states and the federal government are separate for the most part; a federal court's jurisdiction ordering state officials to produce records in a federal criminal action is suspect.

> Finally, the government argues that the district court exceeded its authority by requiring review of personnel files of state law enforcement witnesses. We agree. "The prosecution is under no obligation to turn over materials not under its control." <u>United States v. Aichele</u>, 941 F.2d 761, 764 (9th Cir.1991).

<u>United States v. Dominguez-Villa</u>, 954 F.2d 562, 566 (9th Cir. 1992). The fact that state law enforcement personnel were involved in the underlying federal criminal investigation, here only indirectly, does not make their personnel files "under the control of," or "in the possession of" the federal prosecutor. That is especially true where the state warrant which unearthed evidence of federal law violation was not the purpose for which the state warrant was issued or sought by the state official.

Khan relies heavily on <u>United States v. Cerna</u>, 633 F. Supp. 2d 1053 (N.D. Cal. 2009).

> Despite the separate sovereignty concept, two alternative avenues can lead to a Brady duty in the federal-state context. The first is when the federal prosecutor uses a state or local officer as a "lead investigating agent." When this occurs, the Ninth Circuit has held that <u>Brady</u> requires turnover of the defense-favorable records in the possession of the agent. In <u>United States v. Price,</u> 566 F.3d 900 (9th Cir.2009), the federal prosecutor used a member of the local police as his "lead investigative agent."

<u>Cerna</u>, 633 F. Supp. 2d at 1059.

\*\*\*

> A second avenue arises when, even though the local agency is not a "lead investigative agent," the federal prosecutor consults local police records. When state police gives a federal investigator access to its files for the purpose of pulling items of interest to a federal investigation, <u>Brady</u> requires that the prosecution team review as well for Brady materials within the same universe of files. In this instance, separate sovereignty no longer matters. The reason is that the state has invited the federal authorities into its file room and given access to the evidence. Once inside the stacks with permission to rummage about for prosecution evidence, the federal authorities must search for and retrieve defense evidence

bearing on the same question.

Cerna, 633 F. Supp. 2nd at 1060.

First, Cerna has nothing to do with a Henthorn review, a subset of the general duty to disclose Brady/Giglio information, which has its own settled, *limited* procedures for review of *personnel records* upon request. Cerna does not cite United States v. Dominguez-Villa, and, of course, cannot be found to have overruled the Ninth Circuit general preclusion with respect to the search and seizure of state personnel files by a federal prosecutor.[3]

Moreover, within the context of producing general impeachment information, and even (wrongly) assuming that every rule concerning production of general impeachment information applies to a Henthorn review, Cerna does not require the production of Bunch's personnel records. First, as set forth above, Bunch was not, and is not, the federal government's "lead investigator" or "case agent." Simply because Bunch serves on a general, joint federal and state task force involving gang activity, whose purpose may overlap with state criminal investigations, does not make him a federal lead investigator for every case in which he is substantially involved, a portion of which may be later federally adopted. Again, Bunch's involvement occurred as a result of the Ceres police asking him for assistance in their state murder investigation. That such assistance ultimately resulted in a spin-off of the federal drug case does not make Bunch the lead or case agent in the federal drug case.

Finally, Khan produces no evidence suggesting that the federal prosecutor in this case has been given *carte blanche* to review the records of state or local investigating agencies in connection with the spun-off drug prosecution. As Cerna also recognized:

> On the other hand, that the local police would be willing (or even offer) to allow greater access than a federal prosecutor actually utilizes should not translate to a federal obligation to scour the entirety of local police storerooms looking for defense evidence. Such a rule would be vastly impractical.

Cerna, 633 F. Supp. 2nd at 1060.

---

[3]The undersigned does not disagree with the Cerna holdings in their appropriate context. See the undersigned's discovery orders in United States v. Salyer, CR-S-10-0061 LKK (GGH).

5

1          Even if it were to be shown that the prosecutor in this federal drug case had access
to *some* of the local agency files regarding the murder investigation insofar as it related to the
drug case, such does not "translate to a federal obligation to scour" the entirety of state files,
including general personnel files of state law enforcement officials.[4]

    B.  The Procedures of Henthorn Cannot Be Utilized for a Non-Scheduled Evidentiary Hearing

           A second and separate ground exists for denying Khan's Henthorn motion.  Khan
assumes that because he *might* file a Franks motion, and the district judge *might* schedule an
evidentiary hearing, and Bunch *might* testify for the government, he is entitled to a Henthorn
review just in case the hearing is scheduled and the government calls Bunch as a witness.

           While from a substantive viewpoint there is no difference between exculpatory
Brady material and impeaching Brady (Giglio) material[5], there is a difference in the timing of
production.  United States v. Hopkins, 2008 WL 4453583 (E.D. Cal. 2008).  Exculpatory
information is to be produced at a time when it can be meaningfully investigated and used by the
defense.  Id. at *2.  However, impeachment of government called witnesses does not have to be
produced until the time that the witness testifies.  Id;  United States v. Rinn, 586 F.2d 113, 119
(9th Cir. 1978).  Because the holding of an evidentiary hearing is not automatic in a Franks
situation, see United States v. Merling, 47 F.3d 1546, 1554 (9th Cir. 1995)[6], and because the

---

[4] This does not mean that should the government call Investigator Bunch as a witness, at an evidentiary hearing which might be scheduled, ordinary impeachment material, including that of evidence of past perjury or dishonesty of the witness, in the possession or control of the prosecutor, would not be subject to disclosure under ordinary Brady/Giglio standards. United States v. Jack, 2009 WL 425982 *2 (E.D. Cal. 2009).  However, that issue is apart from a Henthorn review request as a procedural matter.

[5] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963); Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763 (1972).

[6] Before an evidentiary hearing could be ordered, Khan must make a substantial preliminary showing of dishonesty in the preparation of the search warrant affidavit and its materiality to the issuance of the warrant.  See United States v. Napier, 436 F.3d 1133, 1134 (9th

Franks motion has not even been filed, much less scheduled for an evidentiary hearing, no such "testimony" can be anticipated at this time. Moreover, and most importantly, here "impeachment," including Henthorn impeachment, requires a *witness* called by the *government* as its *sine qua non*. Because there is no hearing even scheduled at which a witness might testify, Bunch is presently a non-witness. It takes no lengthy discourse to understand that impeaching a non-witness is a clear oxymoron – one logically cannot impeach a person who is never called as a witness. To the extent that authority is required to state the obvious, it exists. United States v. Pena, 949 F.2d 751, 758-59 (5th Cir.1991); United States v. Storey, 956 F.Supp. 934, 943 (D.Ka.1997); United States v. Coggs, 752 F.Supp. 848, 849 (N.D.Ill.1990) (all holding that impeachment information of a non-witness is by definition immaterial).[7] At this point, there is no witness upon whom to conduct a Henthorn review, and Khan's Henthorn motion at present is but a thinly disguised motion for general discovery.

        Again, Khan's reliance on Cerna is inapposite. In Cerna the district judge had issued a case-specific scheduling order which required the disclosure of all exculpatory and impeachment information prior to trial. There exists no such order in this case. Moreover, the holding of a trial, absent a plea or dismissal, is a mandatory aspect of our criminal justice system. As set forth above, the scheduling of an evidentiary hearing for a Franks motion is a discretionary act in the trial court, and a motion for such has not even been filed at this time. At this point, the holding of an evidentiary hearing is speculation times two. The holdings of Cerna cannot be stretched to reach the present situation.

\\\\\

---

Cir. 2006).

[7] Khan argues at hearing that he might call Bunch, presumably for the purpose of impeaching him to discredit the state affidavit. However, to hold that the government must perform a Henthorn review, not of its witnesses, but witnesses the defense may call, and which the defense might try to impeach, is equally devoid of logic and no authority supports such a Henthorn requirement.

*Conclusion*

Defendant Khan's motion to compel discovery (Docket #36) has been withdrawn. Defendant Khan's motion for <u>Henthorn</u> review (Docket #39) is denied.

DATED: 12/09/2010

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
khan.ord