IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       Plaintiff,                              No. CR-S-10-175 KJM

    vs.

WQAS KHAN,                                 ORDER

       Defendant.

_____/

On January 9, 2012, the parties appeared for hearing on defendant Khan's motions to quash the search warrant affidavit and suppress evidence and to traverse the search warrant, the latter accompanied by a request for evidentiary hearing. Jason Hitt, Assistant United States Attorney, appeared for the government; J. Tony Serra and Shari White appeared for defendant Khan, who was present in custody.

Defendant is charged with violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1). Some of the evidence in this case was gathered during searches of 127 E. Noble Street and 3371 Penelope Street, both in Stockton, undertaken as part of a murder investigation. These searches were authorized by a warrant issued by the Stanislaus County Superior Court on December 2, 2009, based on an affidavit prepared by Kirk Bunch, an investigator with the Stanislaus County District Attorney's Office.

1

In *Franks v. Delaware*, the Supreme Court held:

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

438 U.S. 154, 155-56 (1978). The Court continued, adding that "to mandate an evidentiary hearing, the challenger's attack must be more than conclusory. . . . There must be allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Id*. at 171. It cautioned that "allegations of negligence or innocent mistake are insufficient." *Id*. "Deliberate or reckless omissions of facts that tend to mislead" may also trigger a *Franks* hearing. *United States v. Stanert*, 762 F.2d 775, 781 *as amended by* 769 F.2d 1410 (9th Cir. 1985).

In the Ninth Circuit, a defendant is entitled to a *Franks* hearing if he makes specific allegations that identified portions of the affidavit necessary to a finding of probable cause are false or misleading, and a sufficient showing that the statements or omissions were deliberately false or made with a reckless disregard for the truth; the latter showing in turn requires an offer of proof challenging the veracity of the affiant, not that of his informant. *United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir. 1983). At the pleading stage, a defendant need not present clear proof of deliberate or reckless misrepresentations or omissions; it is sufficient if he makes a substantial showing that supports a finding of recklessness or intent. *United States v. Gonzalez, Inc*., 412 F.3d 1102, 1111 (9th Cir. 2005), *amended on denial of rehearing by* 437 F.3d 854 (9th Cir. 2006).

The court finds defendant has met the standard articulated in *Kiser*, so as to justify an evidentiary hearing with Investigator Bunch as a witness. As the government concedes, four of the addresses provided in the search warrant affidavit are clearly incorrect, and do not match the correct addresses provided in a "stop" report recording surveillance data,

provided by the defense. *Compare* Search Warrant Affidavit at 31-32 (ECF 112 at 44-45) *with* Stop Report for Miranda Espinoza (ECF 113 at 108-112). While at hearing government counsel provided a possible reason for the errors, the reason is not the only viable explanation for them. The affidavit also is rife with incorrect dates and internal inconsistencies as detailed in the defense briefing. Although the government chalks the additional errors up to mere typographical errors and innocent mistakes, the combination of inaccuracies in the affidavit supports a finding of reckless misrepresentation, and raises questions about substantial portions of the affidavit.[1] Additionally, the investigator appears to have retained the search warrant and affidavit for the nineteen days between its issuance and its ultimate filing with the court clerk; the method in which the search warrant was maintained to ensure its integrity is not clear from the record. All things considered, the court cannot determine whether or not the conceded and allegedly false information in the search warrant affidavit is necessary to a finding of probable cause without hearing from Investigator Bunch.

Accordingly, the court GRANTS defendant's request for an evidentiary hearing, with Investigator Bunch to appear as a witness. At the hearing, defense counsel may elicit testimony regarding the following areas:

1. Address information provided in the search warrant for surveillance of Ms. Espinoza, compared to the information provided in the Stop Report for Ms. Espinoza.

2. The contents of the search warrant as compared to records of interviews of the source identified as "Rabbit."

3. Whether or not Investigator Bunch was present at the initial in-person interview of Ms. Espinoza.

4. The date, time and other circumstances surrounding Ms. Espinoza's first mentioning defendant to law enforcement, including Investigator Bunch.

---

[1] In reaching this conclusion, the court has not considered defendant's declaration, submitted only with the reply, which deprived the government of a fair opportunity to respond.

5. The date, time and other circumstances surrounding Ms. Espinoza's advising law enforcement officers, including Investigator Bunch, that defendant hit Ryan Flores on Halloween night at a club in 2009.

6. The manner in which the search warrant and search warrant affidavit were maintained by Investigator Bunch or his employing agency after the issuing magistrate, Judge McFadden, signed it.

7. Investigator Bunch's presence when the search warrant was executed at 127 E. Noble Street.

DATED: January 11, 2012.

_____
UNITED STATES DISTRICT JUDGE