UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>    v.<br><br>Wqas Khan,<br><br>               Defendant. | No. 2:10-cr-00175-KJM<br><br>ORDER |

Defendant Wqas Khan moves for early termination of his forty-eight month term of supervised release. Mr. Khan's efforts toward rehabilitation and his record since release support his motion, which the court **grants**, as explained in this order. As a result, the court **terminates** Mr. Khan's term of supervised release.

**I.     BACKGROUND**

On March 25, 2015, following his guilty plea for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1), the court sentenced defendant Wqas Khan to a term of 120 months in prison followed by a term of forty-eight months of supervised release. *See* Am. Judgment & Commitment at 1–3, ECF No. 340. On January 24, 2019,

following an *Alford*[1] plea for voluntary manslaughter in violation of California Penal Code section 192(a) and an enhancement for personal use of a firearm in violation of California Penal Code section 12022.5 and robbery in violation of California Penal Code section 211, Judge Shawn Bessey of the Stanislaus County Superior Court of California sentenced Mr. Khan to a term of fifteen years in state prison followed by a mandatory period of three years' state supervised release. *See* Mot. at 1–2, ECF No. 341.

Mr. Khan completed his concurrent state and federal terms of imprisonment on April 6, 2022, when he was released from California State Prison, and has completed more than two years of his federal supervised release without violation or incident. *Id*. The state of California discharged Mr. Khan from state supervised release in April 2023, which also ran concurrently with his federal term of supervised release. *Id*. Mr. Khan remains in compliance with the terms and conditions of his federal supervision, and no petitions to revoke or modify his supervision have been filed.

Mr. Khan moves for the early termination of his supervised release. He contends he lives a life of sobriety, obtained a class A license, works as a truck driver, lives with his brother and is rebuilding meaningful relationships with his family and community. *Id.* at 4; Reply at 2, ECF No. 345. An early termination, he says, will allow him to advance his career as a truck driver, which is currently impeded by the travel restrictions imposed as a term of his supervised release. Mot. at 2. The defense represents the United States Probation Office does not oppose an early termination of supervision. *See id.* at 4–5. The court has checked with Mr. Khan's supervising Probation Officer, who has confirmed in an email to the court dated December 20, 2024, that she "has no concerns" and does not oppose Mr. Khan's request. The Officer reports that Mr. Khan "has done very well on supervision. He has maintained a stable residence and stable employment and has always made himself readily available for supervision."

---

[1] *See generally North Carolina v. Alford*, 400 U.S. 25, 1970. An *Alford* plea allows a criminal defendant charged with a crime to enter a plea of no-contest without an admission of guilt.

The government does not dispute Mr. Khan's summary of his performance on supervised release, but it opposes his motion. *See generally* Opp'n, ECF No. 344. It argues the term the court imposed at sentencing was not "a particularly lengthy prison term considering the seriousness of his crimes and his relative youth." *Id.* at 5. It says the circumstances of Mr. Khan's prior offenses and conviction are "inconsistent with providing 'adequate deterrence to criminal conduct,' and protecting 'the public from further crimes of the defendant.'" *Id.* at 5 (quoting 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C)). Such relief, the government contends is improper "especially in the absence of any undue burden or unforeseen circumstances presented in the motion." *Id.* (citing *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014)).

The parties have not filed supporting documentation related to the instant motion or Mr. Khan's state conviction and state supervised release. The court accepts the representations made regarding Mr. Khan's progress because they are consistent with his federal probation officer's report and undisputed by the government. Neither party has requested the court hold a hearing on the matter or an evidentiary hearing and the matter is submitted on the papers.

## II.     LEGAL STANDARD

Under 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release after one year if "warranted by the conduct of the defendant released and the interest of justice." The court has "discretion to consider a wide range of circumstances." *Emmett*, 749 F.3d at 819. The court is guided by several factors identified in 18 U.S.C. § 3553(a): (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the sentencing range established for the defendant's crimes; (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3583(e)(1) (cross-referencing § 3553(a)).

Overall, these factors concern "general punishment aims such as deterrence, rehabilitation, and proportionality." *United States v. Bainbridge*, 746 F.3d 943, 948 n.4 (9th Cir. 2014) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). As the defense points out in reply, early termination does not require "exceptional or extraordinary circumstances," *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022), nor a showing of undue hardship, *Emmett*, 749 F.3d at 819. It is, however, the defendant's burden to show early termination is warranted. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

The district court has a "duty to explain" its decision resolving a defendant's request for early termination of supervised release. *Emmett*, 749 F.3d at 820. The court need not hold a hearing on Mr. Khan's motion because "the relief sought is favorable to the person and does not extend the term of probation or of supervised release." Fed. R. Crim. P. 32.1(c)(2)(B).

## III.   ANALYSIS

The court finds Mr. Khan has met his burden of showing early termination of his supervised release is warranted, applying the standard and the factors articulated above. It is undisputed Mr. Khan has fully complied with his supervised release conditions for well more than two years, and he has served his term of supervised release without incident. Beyond mere compliance, Mr. Khan has obtained employment and re-integrated himself as a productive member of his close-knit family and community. Terminating his supervised release would allow him to build on these efforts. He hopes to advance his career as a truck driver and accept those routes he currently cannot drive subject to the travel restrictions currently imposed on him.

The government's opposition rests primarily on the nature of Mr. Khan's state conviction offense and the risk Mr. Khan might pose if his supervision is lifted early. The government further contends mere compliance with the terms of current release does not warrant early termination of supervised release. The court does not consider the state conviction in ruling on this motion, particularly given the lack of evidence in the record. Mr. Khan's federal offense, however, was serious. Among other things, he possessed at least 550 grams of Schedule II controlled substances. He accepted responsibility for his federal offense, was sentenced to 120 months in prison, which he completed with application of good time credits, and as noted has

served more than two years of federal supervised release. To address his own history of substance abuse prior to his conviction he has been subject to drug and alcohol testing as a condition of supervised release and has maintained a life of sobriety with constructive results. As a commercial truck driver, he will continue to be subject to testing by virtue of his profession, separate and apart from any terms of release. Recognizing this same progress, the state of California granted Mr. Khan early termination of his state supervision, which following prison sentences for crimes apparently more serious than the federal crimes he committed.

The nature and circumstances of Mr. Khan's conviction offenses alone are not dispositive. Rather, the court must consider the additional applicable factors identified in 18 U.S.C. § 3553(a) and may consider a wide range of relevant circumstances. The focus of the § 3553 factors is an individual's current circumstances and need for further support through supervision, if any. Mr. Khan's conduct since release demonstrates proactive pro-social behavior, re-integration into his family and good employment. He expresses remorse for his actions and an ability to lawfully self-manage. The position of his supervising Probation Officer, who has no concerns and confirms Mr. Khan has done "very well" on supervision and fully complied with all conditions, further reflects his reduction in risk to the public and the appropriateness of early termination.

### IV.   CONCLUSION

For these reasons, the court **grants** Mr. Khan's motion for early termination of supervised release. The court **terminates** Mr. Khan's term of supervised release under § 3583(e)(1), effective on the date this order is filed. The Clerk shall serve a copy of this order on the U.S. Probation Office.

This order resolves ECF No. 341.

IT IS SO ORDERED.

DATED: December 23, 2024.

_____
SENIOR UNITED STATES DISTRICT JUDGE